**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **MARIA OPARA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UV MEMORY CARE, LLC, d/b/a UNIVERSITY VILLAGE MEMORY CARE**<br><br>*Defendant.* | Case No.: 1:26-cv-1647<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Maria Opara (Opara or Plaintiff) has served her country in the United States Army National Guard since 2020. Defendant UV Memory Care, LLC (UVMC), runs an assisted living facility. In 2023, UVMC hired Opara to work as a Night Shift Supervisor and Medication Aide at its facility. Her duties included distributing medication to residents and supervising six employees. Opara's Army National Guard obligations required her to attend training from May 23, 2024, through June 14, 2024. Opara notified UVMC of this upcoming military service obligation and requested leave. UVMC approved Opara's request for leave. About one month after Opara returned to work from her military leave, UVMC told Opara that because of her National Guard service, UVMC would not allow her to work in her current supervisory position, and informed her that UVMC was demoting her, which would result in lower pay and remove her supervisory duties. UVMC told Opara that her military service and military obligations were the reasons for the forced demotion. Opara rejected the demotion. In response, UVMC terminated her employment. Opara

brings this action asserting that UVMC violated federal law. In support of her claims, Opara, by and through her undersigned counsel, also alleges the following:

1. This civil action is brought under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* (USERRA).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(1).

3. Venue is proper in this judicial district under 38 U.S.C. § 4323(c)(2) and under 28 U.S.C. § 1391(b) because UVMC, d/b/a University Village Memory Care, maintains a place of business in this judicial district. Additionally, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district.

**PARTIES**

4. Plaintiff Maria Opara is a resident of Manor, Texas, and lives in this judicial district.

5. Defendant UVMC is an assisted living facility that provides services to patients with Alzheimer's disease, dementia, or other health conditions. UVMC is located at 4701 Campus Village Drive, Round Rock, Texas 78665 and is within this judicial district.

6. Defendant UVMC is a private employer within the meaning of 38 U.S.C. § 4303(4)(A) and is subject to suit under USERRA under 38 U.S.C. § 4323(a).

## FACTUAL ALLEGATIONS

7. Opara has been a member of the United States Army National Guard since 2020. She is currently assigned to the 172nd Brigade Engineer Battalion and serves at the rank of E-4 as a Health Care Specialist, also known as a Combat Medic Specialist.

8. UVMC hired Opara on June 1, 2023, to work as a Night Shift Supervisor and Medication Aide at a rate of pay of $22 per hour. Her duties included distributing medication to residents, ensuring the safety and well-being of residents, and supervising as many as six employees who had the position title of "Compassion Giver" or "Care Giver."

9. Opara was an excellent employee. She received an outstanding employee award in June 2024, one month before her termination.

10. Opara's default work schedule consisted of three days of 12-hour shifts, followed by three days off. In addition to working her minimum schedule of three days on/three days off, Opara frequently volunteered to cover additional shifts.

11. Between June 2023 and May 2024, Opara's Army National Guard obligations included monthly drill trainings. These trainings were typically two to three days in duration.

12. When Opara needed to take leave to fulfill her military service obligations between June 2023 and May 2024, UVMC approved Opara's requests for leave and found substitute coverage for her shifts, as necessary.

13. During Opara's employment, UVMC had a Military Leave of Absence Policy. That policy acknowledged: 1) UVMC's obligation to provide employees with reinstatement to their same position or one of comparable seniority when returning to work after completing military obligations and 2) employees' right to continuation of health benefit coverage. The policy

also acknowledged UVMC's obligations "as required by law" and that changes or exemptions to the policy will occur "whenever necessary to comply with applicable laws."

14. Opara's Army National Guard obligations required her to attend a Basic Leader Course at Camp Cook from May 23, 2024, through June 14, 2024. On or around April 3, 2024, Opara verbally notified UVMC of this upcoming military service obligation. She also submitted a PTO Request Form on or around May 16, 2024. UVMC approved Opara's request for leave.

15. Despite the initial approval of her military leave, UVMC Business Development employee Erica Anderson e-mailed Opara on June 3, 2024, stating, "[i]t has been brought to my attention that you have been out of the building since May 22," and demanding documentation for Opara's ongoing military service obligation "on the appropriate letterhead from the Texas Military Department." Anderson explained that "this could affect your full-time status with UVMC if I do not receive it. All PTO requested for this time cannot be processed either until such letter is received."

16. Opara complied. She provided UVMC with a letter from her Sergeant, on Texas Military Department letterhead, dated June 6, 2024. This was the third time Opara provided notice of her military leave of absence between May 23, 2024, and June 14, 2024.

17. On or about July 19, 2024, approximately one month after Opara returned to work from her military leave, Anderson presented Opara with a letter entitled "Maria Opara—Reason for Change in Position from Medication Aide to Compassion Giver." The letter explained that because of Opara's National Guard service, UVMC would not allow her to work in her current supervisory position and informed her that UVMC was demoting her, which would result in lower pay and remove her supervisory duties.

18. According to the demotion letter, Opara's military service and military obligations were the reasons for the forced demotion. The letter stated, "it is our responsibility, as a company, to make sure the residents are getting their medications on time every day. With Maria's schedule with the National Guard, she cannot consistently provide this need on a 3 on/3 off schedule." The letter also stated that finding coverage for her position without sufficient notice was problematic, explaining "[w]ithout UVMC knowing exactly when Maria is going to be t [*sic*] the community . . . , this cannot be her role in the community. We do not have options for somebody else to just step in and provide medication to our residents as they have to be a Certified Med Aide to dispense medications."

19. The demotion letter stated that, "[w]e would also like to clarify that Maria did not reveal she was in the National Guard when she was interviewed for this position . . . . Should this have been revealed at the time of hire, she would not have been offered a Supervisory position as a Med Aide on our evening shift as this supervisory position is a critical role and needs to have someone who can consistently work the 3 on/3 off schedule."

20. The text of the letter does not present the demotion itself as a choice but instead suggests that Opara has "the option to remain" at UVMC as a Compassion Giver with a $2 reduction in hourly pay, reasoning that "it is far easier to cover her position as a Compassion Giver when she is not able to be here."

21. Anderson suggested to Opara that she had prepared the letter in response to Opara's desire to stop working full-time and to instead work on an as-needed basis. Opara denied that she ever requested such a change, and she told Anderson this. Opara wanted to, and often did, work full time or more than full time.

22. In response, Anderson told Opara that Anderson must have misunderstood. Opara explained that she would not accept a demotion, and she clarified to Anderson that she wished to remain in her current supervisory role, working full time. Opara believed that the issue was resolved.

23. However, two days later, Opara's supervisor, UVMC Healthcare Director Donetta Hale, called to request a meeting. Opara met with Hale and Healthcare Director Dorie Rabina on or around July 23, 2024, prior to the start of Opara's shift. At that meeting, Hale and Rabina presented Opara with an ultimatum: sign paperwork accepting a demotion to "Compassion Giver" or be terminated. The completed paperwork had the same terms of the July 19, 2024, demotion letter, explaining that UVMC was demoting her from her supervisory role and would now pay her $2 less, at $20 per hour.

24. At this meeting, Opara asked if she made a mistake and that is why she was being demoted. Hale responded that she was not being demoted for performance-related reasons and that the reasons for her demotion were set forth in the letter. Hale explained that Opara must accept the demotion or leave UVMC altogether. Opara again rejected the demotion and refused to sign the paperwork.

25. At the meeting, Rabina told Opara that she could no longer work at UVMC because she would not agree to the demotion. Opara understood her refusal to accept the demotion meant that UVMC was terminating her employment. Hale then directed Opara to clock out and leave the premises, which she did.

26. Approximately two hours later, Anderson called Opara and told Opara to return Opara's equipment to UVMC. This was the last time an individual from UVMC contacted Opara. Opara returned her equipment to UVMC on or around July 25, 2024.

27. Opara subsequently applied to the Texas Workforce Commission (TWC) seeking unemployment benefits. In response, UVMC informed TWC that it sought to demote Opara because of her military service. UVMC explained to TWC that the idea to demote Opara arose during her recent military service leave between May 23, 2024, and June 14, 2024. Anderson, on behalf of UVMC, wrote, "[a]lthough we were more than willing to accommodate [Opara's] time off to support her duties to the National Guard, it was not a good fit for the position she was hired to fill. . . . If she had [provided notice of her National Guard service during the hiring process], she would not have been offered a supervisory job as a Medication Aide. . . . When she left for over a month in May and June of this year (without notice), we realized we could not justify leaving her in a leadership position."

28. Opara immediately started looking for a new job.

29. Opara interviewed with the Travis County Sheriff's Office and was asked why she left her job at UVMC. In response, Opara showed her interviewer a photo of the UVMC demotion letter that she had taken. Later that evening, someone from the Sheriff's Office called Opara and suggested that she contact her Sergeant to seek information about filing a USERRA complaint.

30. On August 6, 2024, Opara subsequently filed her complaint with the Department of Labor's Veterans Employment and Training Service (VETS).

31. On November 5, 2024, VETS found that UVMC violated USERRA when it terminated Opara's employment.

32. Opara requested that her complaint be referred to the Attorney General after VETS was unable to resolve the matter.

33. Opara meets all requirements for coverage under USERRA.

## CLAIMS FOR RELIEF

### COUNT I
**Unlawful Demotion or Attempted Demotion**
**in Violation of USERRA, 38 U.S.C. § 4311**

34. Plaintiff realleges and incorporates by reference the factual allegations set forth in Paragraphs 1 - 33.

35. USERRA provides that "[a] person who is a member of, . . . performs, has performed, . . . or has an obligation to perform service in a uniformed service shall not be denied . . . reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, . . . performance of service, . . . or obligation." 38 U.S.C. § 4311(a).

36. USERRA provides that "[a]n employer shall be considered to have engaged in actions prohibited [by USERRA] if the person's membership, . . . service, . . . or obligation for service in the uniformed service is a motivating factor in the employer's action, unless the employer can prove the action would have been taken in the absence of such membership, . . . service, . . . or obligation for service[.]" 38 U.S.C. § 4311(c)(1).

37. UVMC violated Section 4311 of USERRA by demoting, or attempting to demote, Opara because of her military service.

38. Opara's military service was a motivating factor in UVMC's decision to demote, or attempt to demote, her.

39. UVMC knowingly and willfully failed to comply with the provisions of USERRA.

40. Opara has incurred, and continues to incur, a loss of earnings and other benefits, in an amount to be proven at trial, as a result of UVMC's unlawful demotion or attempted demotion of her.

**COUNT II**
**Unlawful Termination**
**in Violation of USERRA, 38 U.S.C. § 4311**

41. Plaintiff realleges and incorporates by reference the factual allegations set forth in Paragraphs 1 - 33.

42. USERRA provides that "[a] person who is a member of, . . . performs, has performed, . . . or has an obligation to perform service in a uniformed service shall not be denied . . . reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, . . . performance of service, . . . or obligation." 38 U.S.C. § 4311(a).

43. USERRA provides that "[a]n employer shall be considered to have engaged in actions prohibited [by USERRA] if the person's membership, . . . service, . . . or obligation for service in the uniformed service is a motivating factor in the employer's action, unless the employer can prove the action would have been taken in the absence of such membership, . . . service, . . . or obligation for service[.]" 38 U.S.C. § 4311(c)(1).

44. UVMC violated Section 4311 of USERRA by terminating Opara when she refused to accept the forced demotion, which was because of her military service.

45. Opara's military service was a motivating factor in UVMC's decision to terminate her.

46. UVMC knowingly and willfully failed to comply with the provisions of USERRA.

47. Opara has incurred, and continues to incur, a loss of earnings and other benefits, in an amount to be proven at trial, as a result of UVMC's unlawful termination of her employment.

## PRAYER FOR RELIEF

WHEREFORE, Opara respectfully requests that the Court grant the following relief:

A. Declare that UVMC's demotion, or attempted demotion, of Opara was in violation of USERRA;

B. Declare that UVMC's termination of Opara's employment was in violation of USERRA;

C. Order UVMC to fully comply with all provisions of USERRA;

D. Order UVMC to compensate Opara for the wages and benefits she lost as a result of UVMC's violations of USERRA, along with interest on her lost wages and benefits;

E. Order UVMC to compensate Opara with front pay in lieu of reinstatement;

F. Declare that UVMC met the *scienter* required to award liquidated damages under USERRA;

G. Award liquidated damages to Opara for UVMC's violation of USERRA;

H. Order UVMC to institute policies, procedures, and programs to ensure a nondiscriminatory workplace, including but not limited to implementing appropriate policies/procedures and providing adequate training to all employees, including management officials, regarding employee's rights under USERRA and USERRA's anti-discrimination and anti-retaliation provisions;

I. Award additional relief as justice may require, together with costs and disbursements of this lawsuit.

**JURY DEMAND**

Opara hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC SELL
Deputy Assistant Attorney General
Employment Litigation Section

HILARY PINION
Acting Chief
Employment Litigation Section

/s/ *Sara Safriet*
SARA SAFRIET (DC Bar No. 1012810)
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
4 Constitution Square
150 M Street, NE
Room 9.1804
Washington, D.C. 20530
(202) 532-5165
sara.safriet@usdoj.gov

JUSTIN R. SIMMONS
United States Attorney
Western District of Texas

/s/ *Gerald R. Krimbill*
GERALD R. KRIMBILL (MN Bar No. 0220437)
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7300
jerry.krimbill@usdoj.gov

*Counsel for Plaintiff Maria Opara*